IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-9,425-23




EX PARTE DONNY JOEL HARVEY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 14,130-H IN THE 23RD DISTRICT COURT
FROM BRAZORIA COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of escape and
sentenced to four years’ imprisonment.
            Applicant contends, inter alia, that he was improperly denied the assistance of counsel in a
2006 release revocation hearing. He also contends that he was prevented by his parole officer and
the hearing officer from contacting and presenting witnesses and obtaining and presenting
documentary evidence in defense and mitigation.
            Applicant has alleged facts that, if true, might entitle him to relief. Morrissey v. Brewer, 408
U.S. 471 (1972). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In addition, the trial court shall obtain copies of the notice of release revocation, the revocation
hearing report, and any other documentation of the revocation proceedings that would be helpful to
resolving Applicant’s contentions, above, from the Texas Department of Criminal Justice’s Office
of the General Counsel.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.
            The trial court shall make findings of fact as to whether Applicant was properly denied the
assistance of counsel and whether Applicant was prevented from presenting witnesses and
documentary evidence in defense and mitigation. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A transcript containing copies of the
release revocation paperwork and all affidavits and interrogatories or the transcription of the court
reporter’s notes from any hearing or deposition, along with the trial court’s findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 
Filed: August 20, 2008
Do not publish